UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN & PANNAGL, LTD., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-10536** |
| **SCOTTSDALE INSURANCE COMPANY, ET AL.** | **SECTION: "K"(3)** |

### ORDER

Before the Court is the Motion to Remand (Rec.Doc.No. 6) filed by Plaintiffs, wherein they contend Defendant's removal was procedurally improper. Specifically, Plaintiffs maintain that 28 U.S.C. § 1446 requires that the Notice of Removal must be filed within thirty days of service of process on the Defendant's statutory agent, i.e. the Louisiana Secretary of State, and this requirement was not met here.

The Honorable Judge Barbier recently addressed this question in *Backes v. Colonial Life & Accident Ins. Co.*, 2006 WL 901799, at *1 (E.D. La. Apr. 4, 2006). In *Backes*, the Court held the following:

> Actual notice to defendants is necessary in this situation in order to convey the required information and afford them the statutorily prescribed amount of time to decide in which court the case should be heard. Therefore, this Court agrees with the cases finding that actual notice, rather than statutory service on the Secretary of State, triggers the thirty day period for removal.

*Backes*, 2006 WL 901799, at *2; *see also Barrackman v. Banister*, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007) ("majority of courts considering this question have held that time for removal runs from receipt by the named defendant after transmission from the statutory agent").

The Court acknowledges that there is differing viewpoints on when the thirty-day period commences, and that the Fifth Circuit has not announced a rule since the abrogation of *Reese v. Wal-Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996) by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999). However, the Court finds, as Judge Barbier did, that "[a]lthough removal statutes must be strictly construed, they should not be so strictly construed as to impinge upon the requirements of due process." *Backes*, 2006 WL 901799, at *2. Consequently, the Court finds that the thirty day period commences upon actual receipt of formal service by the named defendant as opposed to service upon the statutory agent.

Here, actual service was effected on Defendant's registered agent on October 24, 2006, and the Notice of Removal was filed on November 22, 2006. This is clearly within the thirty-day period required by 28 U.S.C. § 1446. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec.Doc.No. 6) is hereby **DENIED**.

New Orleans, Louisiana, on this __5th__ day of March, 2007.

_____
STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**